UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARR MASSI, Individually and on Behalf of All Others Similarly Situated,<br>　　　　　　　　　　　　　　　Plaintiff<br><br>- against -<br><br>SURREY HOTEL ASSOCIATES, LLC AND SERAFINA BROADWAY, LTD.,<br><br>　　　　　　　　　　　　　　　Defendants | 17 Civ. 6455<br><br>**COMPLAINT**<br><br><br>**JURY DEMAND** |

Plaintiff **CARR MASSI** complaining through her attorneys from the Law Offices of James E. Bahamonde, respectfully alleges against Defendants:

**STATEMENT OF CLAIM**

1. In violation of well-settled, decades old law, Defendants have chosen to have a policy not to remove a variety of unlawful architectural barriers, and exclude Plaintiff and all other disabled persons, who use wheelchairs and scooters, from having equal access to and use of Defendants' public accommodation.

2. Plaintiff files this action for herself and as an action for those similarly situated, complaining of violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 *et seq.*, New York State Civil Rights Law § 40-c and 40-d, New York State Human Rights Law § 296 *et seq.*, and New York City [Administrative Code] Human Rights Law § 8-107 *et seq*.

3. Plaintiff seeks damages, declaratory and injunctive relief, as well as fees and costs against the Defendants.

**VENUE AND JURISDICTION**

4. That at all times hereinafter mentioned, Plaintiff is now, and at all times mentioned in this complaint, a resident of 365 West 25th Street, New York, NY.

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

6. The Court has supplemental jurisdiction over Plaintiff's allegations arising from Defendants' state and local law violations pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, alleged herein, occurred in this district.

8. Defendant SURREY HOTEL ASSOCIATES, LLC is a Delaware limited liability company authorized by the Secretary of State of New York to do business in New York State with its principal County of business designated as New York County.

9. Defendant SERAFINA BROADWAY, LTD. is a New York domestic business corporation authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as New York County.

10. Defendant SERAFINA BROADWAY, LTD. owns and operates a public accommodation named Serafina Restaurant restaurant located at 210 W 55th St, New York, NY 10019.

11. The jurisdiction of this court is invoked pursuant to 28 U.S.C. Sections 1331 and 2201 and through the Americans with Disabilities Act, 42 U.S.C.A. § 12181 et seq.

## CLASS ACTION

12. Plaintiff brings this suit for declaratory and injunctive relief and, as a class action for all those similarly situated, who, as persons who must use a wheelchair by reason of various disabilities, and who use or desire to use the services and accommodations offered to the

4. That at all times hereinafter mentioned, Plaintiff is now, and at all times mentioned in this complaint, a resident of 365 West 25th Street, New York, NY.

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

6. The Court has supplemental jurisdiction over Plaintiff's allegations arising from Defendants' state and local law violations pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, alleged herein, occurred in this district.

8. Defendant SURREY HOTEL ASSOCIATES, LLC is a Delaware limited liability company authorized by the Secretary of State of New York to do business in New York State with its principal County of business designated as New York County.

9. Defendant SERAFINA BROADWAY, LTD. is a New York domestic business corporation authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as New York County.

10. Defendant SERAFINA BROADWAY, LTD. owns and operates a public accommodation named Serafina Restaurant restaurant located at 210 W 55th St, New York, NY 10019.

11. The jurisdiction of this court is invoked pursuant to 28 U.S.C. Sections 1331 and 2201 and through the Americans with Disabilities Act, 42 U.S.C.A. § 12181 et seq.

## CLASS ACTION

12. Plaintiff brings this suit for declaratory and injunctive relief and, as a class action for all those similarly situated, who, as persons who must use a wheelchair by reason of various disabilities, and who use or desire to use the services and accommodations offered to the

public by Defendant, are protected by, and are beneficiaries of the ADA and New York State Law.

13. Plaintiff, complaining for herself and all other residents in the City of New York and State of New York, similarly situated, alleges: (a) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; (b) there are questions of law or fact common to the class which predominate over any questions affecting only individual members; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (d) the representative parties will fairly and adequately protect the interests of the class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## STATUTORY SCHEME

14. The United States Census has indicated that there are more than 1.39 million New Yorkers with mobility disability.

15. Pursuant to the ADA, New York State Human Rights Law, and New York City Human Rights Law, individuals with disabilities are a protected class.

16. It is unlawful for a private entity which owns, leases to or operates a place of public accommodations to discriminate against an individual with a disability.

17. The ADA, New York State Human Rights Law, and New York City Human Rights Law requires a public accommodation to be readily accessible to and usable by a disabled individual.

18. Defendants are required to remove all readily achievable barriers which denies a disabled individual with the opportunity to participate in or benefit from services or accommodations on the basis of their disability.

19. Failure to remove all readily achievable architectural barriers is defined as disability

discrimination in violation of the ADA, New York State Human Rights Law, and New York City Human Rights Law.

20. Unequal treatment is unlawful. Therefore, if a public accommodation provides unobstructed access to nondisabled individuals, it also must provide unobstructed access to disabled individuals who use wheelchairs.

21. The landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation have a non-delegable duty to comply with the ADA.

22. The landlord and owner of a property which houses a public accommodation are liable for their tenant's failure to comply with the ADA, New York City Human Rights Law or New York State Human Rights Law. Property leases which contain contradictory language is superseded by the ADA.

23. Discriminatory intent is not required to establish liability under ADA, New York City Human Rights Law and New York State Human Rights Law.

24. If an individual with a disability is dissuaded from entering or receiving the services of a public accommodation because of the existence of an architectural barrier, the landlord and tenant will be liable for discrimination.

**FACTUAL BACKGROUND**

25. Plaintiff has a disability which prevents her from walking. As a result she uses a manual wheelchair for mobility.

26. Defendant SURREY HOTEL ASSOCIATES, LLC owns or leases the commercial property which houses the public accommodation located at 210 W 55th St, New York, NY 10019 (hereinafter 'facility').

27.     Defendant SERAFINA BROADWAY, LTD. owns or operates a public accommodation located at 210 W. 55th St., New York, NY.

28.     In or about 2004, prior to opening its restaurant, Defendant SERAFINA BROADWAY, LTD. substantially renovated the place of public accommodation located.

29.     In or about 2004, Defendants substantially altered their place of public accommodation located at 210 W. 55th St., New York, NY, to open a restaurant. Defendants altered areas that affects or could affect the usability of the building such as changes or rearrangement in structural parts or elements, and changes or rearrangement in the plan configuration of the walls and full height partitions.

30.     Defendants altered the path of travel within the restaurant, dining areas, location of a bar, kitchen area, and the public access bathroom. Nonetheless, Defendants failed to provide an accessible path of travel to the public access bathroom, make their front entry door accessible, and crammed the placement of tables so that a person in a wheelchair would have difficulties maneuvering in certain areas of the restaurant.

31.     In or about March 2017, Plaintiff dined at Defendants' public accommodation with the group of about 30 people. Upon arriving at the restaurant, the front entrance did not provide sufficient maneuvering clearance parallel to the main entrance door beyond the latch side and the weight of the door was too heavy.

32.     Plaintiff states that in order to access her table, she had to maneuver through a cumbersome, tight maze and had no other alternative but to ask several customers to move so that she can access her table.

33.     Towards the end of the meal, Plaintiff needed to use the restroom. However, Plaintiff was told by Defendants' employee that the restroom was inaccessible to a person in a

wheelchair. In order to access the restroom, Defendants require that an individual be able to traverse 2 steps.

34. Plaintiff frequently goes to Broadway shows and is frequently near Defendant's restaurant.

35. The removal of existing architectural barriers is readily achievable.

36. To date, Defendants have failed to remove the architectural barriers.

37. Plaintiff is deterred from visiting Defendants' noncompliant accommodation because of the existing accessibility barriers.

38. Plaintiff has the intention to return to Defendants' public accommodation once it becomes readily accessible to and usable.

## FIRST CAUSE OF ACTION
### (Violation of the Americans with Disabilities Act)

39. Defendants' facility Serafina Restaurant located at 210 W. 55th St., New York, NY is a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181; 28 C.F.R. § 36.104, New York State Human Rights Law § 292(9), and New York City Administrative Code § 8-102(9) ("place or provider of public accommodation").

40. Defendants have failed to make adequate accommodations and modifications to its facility located at 210 W. 55th St., New York, NY.

41. Defendants have failed to remove all architectural barriers that are structural in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

42. There exist readily achievable modifications which would make Defendants' public accommodation accessible and readily usable by Plaintiff and all others similarly situated.

43. Defendants failed to make the necessary readily achievable modifications to its public

6

accommodation.

44.     Upon information and belief, since 1992, Defendants facility has undergone alterations to the areas which affects or could affect access to or usability of its place of public accommodation.

45.     It is not impossible for Defendants to remove the architectural barriers which exist at its facility.

46.     Defendants' public accommodation was first occupied after January 26, 1993. (new construction requirements).

47.     Defendants failed to design and construct its facility that is readily accessible to and usable by Plaintiff in violation of 42 U.S. Code § 12183(a)(1).

48.     It is not structurally impracticable for Defendants' facility to be accessible.

49.     Defendants failed to alter its facility to the maximum extent feasible in violation of 42 U.S. Code § 12183(a)(2).

50.     Defendants' facility is not fully accessible to, or readily useable by individuals with disabilities.

51.     Features of Defendants' public accommodation inaccessible to Plaintiff, and others similarly situated, are including but not limited to:

   a. Defendants do not provide any maneuvering clearance perpendicular to its entrance in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D § 404.

   b. The closing speed of the main entrance door is more than 5 seconds in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D § 404.2.8.

   c. There is less than 48 inches of distance between the main entrance, 2 hinged doors in series in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D § 404.2.6.

d. Defendants do not provide an accessible route to their public access bathroom or throughout all parts of their dining area in violation of ADA Accessibility Guidelines, 36 C.F.R. Part 1191.

e. Defendants provide inaccessible turning radius, maneuvering clearance, and accessible route to enter its public use bathroom in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D §§ 304, 305 and 402.

f. The walkway to enter each of Defendants' bathroom has unlawful changes in level in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D §§ 303.2.

g. Defendants do not provide any grab bars in their bathrooms in violation of in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D § 604.5.

h. Defendants bathrooms are inaccessible in violation will the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D § 604.

i. Defendants lavatories and sinks are inaccessible in accordance with the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D § 606. The rim or counter surface of the lavatory and sink shall be in no greater than 34 inches above the floor. Water supply and drain pipes under lavatories and sinks shall be insulated or otherwise configured to protect against contact.

j. Defendants lavatories and sinks are inaccessible in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D § 606.

k. There is less than 30 inches of clear floor space abutting the lavatories and sinks in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D § 305.

l. Defendants do not provide any knee or toe clearance to access its lavatories and sinks in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D § 306.

m. The highest operable part of the bathroom's towel dispenser is located higher than 44 inches maximum above the floor and is not within the reach ranges of plaintiff and all others similarly situated.

n. The toilet paper dispensers are more than 9 inches maximum in front of the toilet measured to the centerline of the dispenser.



    o.    Defendants bathrooms are inaccessible in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D.

52. Defendants have discriminated against Plaintiff, and all others similarly situated, on the basis of their disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its public accommodation in violation of 42 U.S. Code § 12182(a).

53. Defendants have subjected Plaintiff, and all others similarly situated, on the basis of their disability, directly, or through contractual, licensing, or other arrangements, to a denial of opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Defendants in violation of 42 U.S. Code § 12182(b)(1)(A)(i).

54. Defendants have not afforded Plaintiff, and all others similarly situated, on the basis of their disability, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii)..

55. Defendants have provided Plaintiff, and all others similarly situated, on the basis of their disability, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

56. Defendants have not afforded plaintiff, and all others similarly situated, the goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate in violation of 42 U.S. Code § 12182(b)(1)(B).

57. Defendants have denied Plaintiff, and all others similarly situated, the opportunity to participate in such program or activities that is not separate or different in violation 42 U.S. Code § 12182(b)(1)(C).

58. Defendants have imposed or applied an eligibility criteria that screened out or tended to screen out Plaintiff, and all others similarly situated, from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations being offered in violation of 42 U.S. Code § 12182(b)(2)(A)(i).

59. Defendants have failed to make reasonable modifications in their policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiff in violation of 42 U.S. Code § 12182(b)(2)(A)(ii).

60. Defendants should have achieved accessibility by January 26, 1992.

61. The barriers to access Defendants' facility continue to exist.

62. Reasonable accommodations exists which do not impose an undue hardship on the operation of the Defendants' program or activity.

63. Reasonable accommodations could be made which do not fundamentally alter the nature

10

of the Defendants' program or activity.

## SECOND CAUSE OF ACTION
### (Violations of New York State Human Rights Law)

64.     Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

65.     Defendants have not provided Plaintiff and others similarly situated with evenhanded treatment.

66.     Defendants' direct or indirect unevenhanded treatment of Plaintiff and others similarly situated is demonstrated when she was segregated from all other customers.

67.     Defendants have, because of Plaintiff's disability, directly or indirectly, refused, withheld from or denied Plaintiff any of the accommodations, advantages, facilities or privileges of their public accommodation.

68.     Defendants have demonstrated that the patronage or custom thereat of Plaintiff and others similarly situated, is unwelcome, objectionable or not acceptable, desired or solicited.

69.     Pursuant to New York State law, Defendants and its agents discriminated against Plaintiff.

70.     As a direct and proximate result of Defendants unlawful discrimination in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, stress, embarrassment, anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

## THIRD CAUSE OF ACTION
### (Violation of New York State Civil Rights Laws)

71.     Plaintiff realleges and incorporates by this reference all of the allegations set forth in this

Complaint as if fully set forth herein.

72. On the basis of Plaintiff's disability, Defendants have violated her Civil Rights.

73. Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law § 40-c and 40-d, in the amount of $500 for each and every violation.

74. Pursuant to NY Civil Rights law, Defendants are guilty of a class A misdemeanor.

75. Notice of the action has been served upon the Attorney-General as required by Civil Rights Law § 40-d.

## FOURTH CAUSE OF ACTION
### (Disability Discrimination in Violations of NYC Human Rights Law § 8-107(4))

76. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

77. In violation of New York City Admin. Code § 8-107(4), Defendants have not reasonably accommodated Plaintiff and others similarly situated.

78. In violation of New York City Admin. Code, Defendants have unlawfully discriminated against Plaintiff and all others similarly situated.

79. In violation of New York City Admin. Code, the owner, lessee, proprietor, manager, agent and employee of defendants' public accommodation, have, because of the actual or perceived disability of the Plaintiff, directly or indirectly, refused, withheld from and denied Plaintiff the accommodations, advantages, facilities or privileges thereof.

80. In violation of New York City Admin. Code, on the basis of Plaintiff's disability, Defendants have demonstrated that the patronage or custom of Plaintiff and all others similarly situated, is unwelcome, objectionable, and not acceptable.

81. Pursuant to New York City Human Rights Law § 8-502, notice of this action has been

served upon New York City's Commission on Human Rights.

82. As a direct and proximate result of Defendants disability discrimination in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, stress, embarrassment, anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

## FIFTH CAUSE OF ACTION
**(Failure to Reasonably Accommodate in violation of NYC Human Rights Law § 8-107(15))**

83. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

84. Reasonable accommodations and modifications are necessary to enable Plaintiff and all others similarly situated the ability to enjoy the non-restricted access and use of the public accommodation in question.

85. Defendants failed to provide Plaintiff reasonable accommodations and modifications in violation of NYC Human Rights Law 8-107(15).

86. In violation of New York City Human Rights Law 8-102(4) and (18), and 8-107(4) and 8-107(15), Defendants have not reasonably accommodated Plaintiff and others similarly situated.

87. In violation of New York City Admin. Code, Defendants have unlawfully discriminated against Plaintiff and all others similarly situated.

88. Reasonable accommodations and modifications are necessary to enable Plaintiff and all others similarly situated the ability to enjoy the non-restricted access and use of the public accommodation in question.

89. In violation of New York City Admin. Code, the owner, lessee, proprietor, manager,

agent and employee of defendants' public accommodation, have, because of the actual or perceived disability of the Plaintiff, directly or indirectly, refused, withheld from and denied Plaintiff the accommodations, advantages, facilities or privileges thereof.

90.     In violation of New York City Admin. Code, Defendants have demonstrated that, because of Plaintiff's disability, the patronage or custom of Plaintiff and all others similarly situated, is unwelcome, objectionable, and not acceptable.

91.     As a direct and proximate result of Defendants disability discrimination in violation of the New York City Human Rights Law, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, stress, embarrassment, anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

## SIXTH CAUSE OF ACTION
### (Declaratory Relief)

92.     Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

93.     Plaintiff is entitled to a declaratory judgment concerning the violations committed by Defendant specifying the rights of Plaintiff and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services provided by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief from the Court:

A.     Certify this case as a class action;

B.     Issue a permanent injunction 1) proscribing disability discrimination, 2) requiring Defendants to alter its facility making such facility readily accessible to and usable to

14

individuals with disabilities, and 3) compelling Defendants to make all necessary modifications to Defendants' policies or practices so that Plaintiff will not be subject to further discrimination, in accordance with New York State Human Rights Law, New York City Administrative Code, and Title III of the ADA.

C.  Enter declaratory judgment, specifying Defendants ADA and New York state law violations and declaring the rights of Plaintiff and other persons similarly situated as to Defendants' policies, practices, procedures, facilities, goods and services offered to the public.

D.  Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold Defendants liable for $500 for *each* and every violation.

E.  Pursuant to New York State Civil Rights Law § 40-d, find Defendants guilty of a class A misdemeanor for violating New York State civil rights law.

F.  The court retain jurisdiction over the Defendants until the court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur.

G.  Award Plaintiff compensatory damages in the amount of $20,000 for Defendants violation of New York State Human Rights Law and New York City Administrative Code.

H.  Award Plaintiff punitive damages in the amount to be determined at trial for Defendants violation of New York State Human Rights Law and New York City Administrative Code.

I.  Find that Plaintiffs are a prevailing party in this litigation and award reasonable attorney fees, costs and expenses.

J.  Award Plaintiff such other and further relief, at law or in equity, to which the Plaintiff and other persons similarly situated may be justly entitled.

Dated: August 23, 2017

        LAW OFFICES OF JAMES E. BAHAMONDE, P.C.

X_____*J-B*_____

JAMES E. BAHAMONDE, ESQ.
Attorney for the Plaintiff(s)
Tel: (646) 290-8258
Fax: (646) 435-4376
E-mail: James@CivilRightsNY.com